UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **JAMES BLEDSOE** | **CIVIL ACTION NO. 15-2609** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **A & Z PHARMACY, LLC** | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM RULING

Before the Court is a Motion for Default Judgment filed by Plaintiff, James Bledsoe. Record Document 15. Plaintiff seeks a default judgment against Defendant, A & Z Pharmacy, LLC. For the reasons given below, Plaintiff's Motion For Default Judgment is **GRANTED**.

**I.      Factual & Procedural Background**

Plaintiff alleges that he is a qualified individual with a disability for purposes of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and that Defendant, A & Z Pharmacy, LLC, is in violation of Title III of the ADA due to barriers existing at Rite Care Pharmacy, a property allegedly owned by Defendant ("the Property"). Plaintiff alleges that he has visited the Property numerous times and desires to visit it in the future, but has experienced difficulty due to certain architectural barriers. He identifies issues with parking spaces, a ramp located in the parking area, and the pharmacy windows.[1] Due to these barriers, Plaintiff alleges that Defendant is not in compliance with ADA regulations, 28

---

[1] According to Plaintiff's expert, Professional Engineer Nicholas Heybeck, the pharmacy windows have since been lowered to a compliant height. Record Document 15-1, p. 3.

C.F.R. § 36.101, *et seq.* He also alleges that the necessary alterations to remove the barriers are readily achievable, reasonably feasible, would be easily accomplished, and would not place an undue burden on Defendant. Record Document 1, p. 4.

Plaintiff filed his complaint on October 29, 2015 seeking declaratory and injunctive relief, as well as attorneys' fees and costs. On January 7, 2016, Plaintiff filed a Motion for Entry of Default [Record Document 5], and on January 8, 2016, the Clerk filed an Entry of Default against Defendant [Record Document 7]. On July 12, 2016, the Clerk issued a Notice of Intent to Dismiss for Failure to Prosecute. Plaintiff then filed this Motion for Default Judgment [Record Document 15].[2] At no time has Defendant participated in this action.

## II.   Standard

A default judgment involves three steps: (1) default, (2) entry of default, and (3) default judgment. N.Y. Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996) (citing Fed. R. Civ. P. 55(a)). "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment." Id. (citations omitted).

By defaulting, a defendant admits to the plaintiff's well-pleaded allegations of fact, at least with respect to liability. Jackson v. FIE Corp., 302 F.3d 515, 524 (5th Cir. 2002)

---

[2] Plaintiff also filed a Motion for Extension of Time to Take Appropriate Action [Record Document 16] on July 25, 2016, which was later granted.

(citing Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Even though the facts are admitted, the plaintiff still has the burden of showing that they give rise to a viable cause of action. See Nishimatsu Constr., 515 F.2d at 1206. In addition, a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### III. Discussion

#### A. Liability

Title III of the ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination in this context includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." § 12182(b)(2)(A)(iv). "Existing facilities" means those structures built prior to January 26, 1992, the effective date of the act. Tatum v. Doctor's Assocs., Inc., No. CV 14-2980, 2016 WL 852458, at *3 (E.D. La. Mar. 4, 2016). In addition, "Any alteration to a place of public accommodation . . . after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." 28 C.F.R. § 36.402(a)(1). New construction, that with first occupancy after January 26, 1993, must be designed and constructed so that it is readily accessible to and usable by individuals with disabilities. 28 C.F.R. § 36.401(a)(1). Thus, the ADA categorizes places of public

accommodation into three groups: existing facilities, those with alterations, and new construction.

As a preliminary matter, pharmacies are specifically listed as places of public accommodation for purposes of Title III. 42 U.S.C. § 12181(7)(F). Additionally, Plaintiff has provided a deed showing that Defendant purchased the Property in 2011, as well as property tax records showing Defendant to be the owner of the Property. Record Document 15-4. Thus, as an owner of a place of public accommodation, Defendant is subject to 42 U.S.C. § 12182(a).

Plaintiff identifies three current barriers at the property: "(A) the accessible-designated parking space is not adjacent to the required access aisle; (B) the sole accessible-designated parking space is not van accessible; and (C) the measured running slope along the base of the curb ramp is 16.1% in lieu of a maximum of 8.3%." Record Document 15-1, p. 3. Plaintiff claims these are architectural barriers because they are not in compliance with the 1991 ADA Accessibility Guidelines ("ADAAG").[3] The ADAAG are regulations promulgated at the instruction of Congress in order to enforce Title III of the ADA. Lara v. Cinemark USA, Inc., 207 F.3d 783, 786 (5th Cir. 2000). They contain detailed technical requirements for buildings and facilities to ensure maximum accessibility for individuals with disabilities. The Department of Justice published revised regulations in 2010, known as the 2010 ADA Standards for Accessible Design, or the "2010 Standards."[4]

---

[3] The 1991 ADAAG can be found at 28 C.F.R. Pt. 36, Appendix D.

[4] The 2010 Standards can be found at 28 C.F.R. Pt. 36, Subpart D and 36 C.F.R. 1191, Appendices B and D. See 28 C.F.R. Pt. 36, App. A (describing the ADAAG/1991 Standards and the 2010 Standards). The 2010 Standards can also be found through the ADA website at

While the two sets of regulations, the 1991 ADAAG and the 2010 Standards, are nearly identical for the barriers addressed here, the 2010 Standards are more appropriately referenced in this order. See 28 C.F.R. § 36.304(d)(ii)(B) (providing that after March 15, 2012, elements in existing facilities that do not comply with the 1991 Standards must be modified to the extent readily achievable to comply with the 2010 Standards).

Defendant has failed to rebut Plaintiff's contention that the issues highlighted qualify as architectural barriers. Thus, the Court will assume they are, in fact, architectural barriers for purposes of Title III. See Tatum, 2016 WL 852458 at *6.

For existing facilities,[5] Title III requires the removal of architectural barriers where such removal is "readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "Readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Congress provided factors to be considered in determining whether an action is "readily achievable." Those factors include,

> (A) the nature and cost of the action needed under this chapter;
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

---

https://www.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf.

[5] As previously indicated, there are different standards for existing facilities, facilities with alterations, and new constructions. Accessibility requirements for existing facilities are less stringent than those for new or altered facilities. Greer v. Richardson Indep. Sch. Dist., 472 F. App'x 287, 291 (5th Cir. 2012); see also Roberts v. Royal Atl. Corp., 542 F.3d 363, 376 (2d Cir. 2008). Plaintiff has provided documentation suggesting the Property qualifies as an existing facility. Record Document 15-4, p. 5. For this reason, and because the result would be the same if the Property were found to have had alterations or to be a new construction, this Court will proceed with the analysis as if the Property is an existing facility.

> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
>
> (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

Id.

Plaintiff alleges that removal of the barriers is "readily achievable, reasonabl[y] feasible, would be easily accomplished, and would not place an undue burden on Defendant." Record Document 15-1, p. 3; 1, p. 4. Plaintiff's engineering expert, Nicholas Heybeck, opined similarly. Record Document 15-6, p. 14. In addition, Heybeck's expert report indicated that the cost of removing all noted barriers and implementing all recommended changes would not exceed $2,979. Id. at 13. Unfortunately, the Court is unable to evaluate Defendant's financial condition and resources due to its failure to participate in this matter and provide the Court with such information. However, based on the representations of Plaintiff and Mr. Heybeck, as well as the relatively low cost of the recommended alterations, the Court finds the removal of these barriers to be readily achievable.

B. Injunctive Relief and Attorney's Fees

The enforcement provisions of the ADA provide a private right of action for those alleging discrimination on the basis of disability. Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1071 (D. Haw. 2000) (citing 42 U.S.C. § 12188(a)). In the case of violations of § 12182(b)(2)(A)(iv), a court may order injunctive relief, including "an order to alter

facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2). In addition, the ADA authorizes a court, in its discretion, to award attorney's fees to the prevailing party. Deutsh v. Jesus Becerra, Inc., No. 16-50164, 2016 WL 4524491, at *1 (5th Cir. Aug. 29, 2016) (citing 42 U.S.C. § 12205). The Fifth Circuit has advised that "a prevailing plaintiff in a civil rights action is presumptively entitled to reasonable attorney's fees, unless a showing of special circumstances is made that would deem such an award unjust." Id. (internal quotations and citations omitted).

Plaintiff filed this suit seeking declaratory and injunctive relief, as well as attorneys' fees and costs. Because this Court finds that Defendant has engaged in discrimination within the meaning of the ADA by failing to remove architectural barriers, and that such removal is readily achievable, Plaintiff is entitled to the relief he seeks.

## IV.   Conclusion

For the reasons assigned above:

Plaintiff's Motion for Default Judgment [Record Document 15] is hereby **GRANTED**. It is hereby **ORDERED and DECREED** that:

1. Defendant is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*.

2. Defendant is ordered to alter the property located at 3102 Linwood Avenue in Shreveport, Louisiana to make said property readily accessible to and usable by individuals with disabilities. Specifically, Defendant is to take the following actions within 180 days of this order:

a) The designated accessible parking space must be modified to comply with 2010 Standards Sections 208 and 502; and

b) The curb ramp adjacent to the designated accessible parking space must be modified to comply with 2010 Standards Sections 405.2 and 406.1.

It is **FURTHER ORDERED** that Plaintiff is awarded attorneys' fees and costs pursuant to 42 U.S.C. § 12205 and shall file a Memorandum of Fees and Costs in the form required by the Clerk of Court on or before **March 15, 2017.** If the Memorandum of Fees and Costs is not filed by March 15, 2017, the Court will issue a final judgment consistent with this ruling and will direct the Clerk of Court to close this case.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 10th day of February, 2017.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE